FILED
DISTRICT COURT CLERK
WESTERN DIST. OF KY

2007 DEC 21  PM 5: 10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO.: 1:07-CR-25-R

UNITED STATES v. MARY TODD STEPHENSON

# JURY INSTRUCTIONS

## INSTRUCTION NO. 1

### Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  I will start by explaining your duties and the general rules that apply in every criminal case.  Then I will explain the elements, or parts, of the crime that the Defendant is accused of committing.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 2

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the Government tells a Defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, a Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that a defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that a Defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the Government to prove that a Defendant is guilty, and this burden stays on the Government from start to finish. You must find a Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

**INSTRUCTION NO. 3**

**Direct and Circumstantial Evidence**

You may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight you should give to either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**INSTRUCTION NO. 4**

**Distribution of a controlled substance – 21 U.S.C. § 841(a)(1)**

The defendant is charged in Counts 1, 2, and 3 of the indictment with distribution of a controlled substance in violation of Section 841(a)(1) of Title 21 of the United States Code.

A controlled substance may lawfully be prescribed by a dentist for a legitimate medical purpose and in the usual course of a professional practice if it is prescribed in good faith, medically treating a patient in accordance with the standard of medical practice that is generally recognized and accepted in the United States. Good faith, in this context means good intentions and honest exercise of a dentist's best professional judgment as to a patient's medical needs. It connotes an observance of conduct in accordance with what the dentist should reasonably believe to be proper medical practice generally recognized in the United States.

For you to find the defendant guilty, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

First: That the defendant knowingly and intentionally distributed the controlled substance named in that count (Count 1- hydrocodone, Counts 2 and 3-Lorcet); AND

Second: that she did so other than in good faith in the usual course of professional practice or in accordance with the standard of practice generally recognized in the United States.

## INSTRUCTION NO. 5

A dentist dispenses a drug in good faith in medically treating a patient when she dispenses the drug for a legitimate medical purpose in the usual course of medical practice generally recognized in the United States; that is, the dentist has dispensed the drug lawfully. As I previously stated, good faith in this context means good intentions and the honest exercise of best professional judgment as to a patient's needs. It means that the dentist acted in accordance with what she reasonably believed to be in the standard of medical practice generally recognized and accepted in the United States.

In determining whether the dentist acted in good faith, you may consider whether the confidential informants, through statements about their current medical condition, would have convinced a reasonable defendant dentist that a legitimate medical need existed for the drugs she prescribed. This is all for you to decide.

If you find that the defendant acted in good faith in dispensing the drugs, then you must find her not guilty.

## INSTRUCTION NO. 6

The Defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

## INSTRUCTION NO. 7

Next I want to say something about proving a Defendant's state of mind.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the Defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did and whether it is reasonable to conclude that the Defendant intended those results. This, of course, is all for you to decide.

8

## INSTRUCTION NO. 8

You have heard testimony that the defendant may have committed acts other than the ones charged in the indictment.  If you find the defendant did those acts, you can consider the evidence only as it relates to the government's claim on the defendant's absence of mistake.  You must not consider it for any other purpose.

Remember that the defendant is on trial here only for the charges contained in Counts 1, 2 and 3, not for the other acts.  Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

## INSTRUCTION NO. 9

You must make your decisions based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits and stipulations that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 10

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

## INSTRUCTION NO. 11

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

**INSTRUCTION NO. 12**

You have heard the statements of Kathy Lay and Georgianna Richardson.   You have also heard that they received money from the government in exchange for providing information.

The use of paid informants is common and permissible.  But you should consider the witness's testimony with more caution than the testimony of other witnesses.  Consider whether her testimony may have been influenced by what the government gave her.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

### INSTRUCTION NO. 13

You have heard the testimony of Carrie Johnson and Eva Neathery. You have also heard that the government has promised them that they will receive reduced criminal liability in exchange for their cooperation.

It is permissible for the government to make such a promise. But you should consider the witness's testimony with more caution than the testimony of other witnesses. Consider whether her testimony may have been influenced by the government's promise.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

## INSTRUCTION NO. 14

You have heard the testimony of Eva Neathery and Georgianna Richardson.  You have also heard that before this trial they were convicted of a crime.

The earlier conviction was brought to your attention only as one way of helping you decide how believable their testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

## INSTRUCTION NO. 15

You have heard the testimony of Dr. Ted Raybould, an expert witness.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You do not have to accept an expert's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

16

## INSTRUCTION NO. 16

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

17

**INSTRUCTION NO. 17**

You have heard some tape recordings that were received in evidence, and you were given some written transcripts of the tapes.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The tapes themselves are the evidence. If you noticed any differences between what you heard on the tapes and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the tapes, you must ignore the transcripts so far as those parts are concerned.

## INSTRUCTION NO. 18

Now I would like to say something about the notes that you have taken during the trial.  Your notes should be used only as memory aids.  You should not give your notes precedence over your independent recollection of the evidence.  If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial.  However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## INSTRUCTION NO. 19

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 20

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

## INSTRUCTION NO. 21

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 22

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt.

To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

## INSTRUCTION NO. 23

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved the charge against the Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 24

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.